REQUESTED BY: Anne Hobbs, Executive Director Nebraska Equal Opportunity Commission
You requested an Attorney General's Opinion which addresses the following question:
 Does the NEOC have jurisdiction in a housing case when a complainant has signed a release releasing the respondent from all allegations made by the complainant regarding his/her tenancy including any subsequent allegations of discrimination?
 We read your question to mean, does the NEOC have jurisdiction to investigate a claim of housing discrimination when the complainant has signed a release releasing the respondent from all allegations made by the complainant regarding his/her tenancy including any subsequent allegations of discrimination? You presented the following facts:
 A complainant filed a complaint with the commission alleging a charge of housing discrimination relating to the lease of a mobile home. In response to the complaint, the respondent provided a copy of a mutual release between the respondent and the complainant which purports to release each party from further liability relating to the lease agreement. The mutual release apparently arose out of an earlier rent dispute between the complainant and respondent.
Neb. Rev. Stat. § 20-326(1)(b)(iv) states in pertinent part: " Upon the filing of a complaint . . . the commission shall investigate the alleged discriminatory housing practice . . . ." This statute clearly gives the NEOC jurisdiction to investigate housing complaints that are filed. In the context of the facts presented, your inquiry becomes, "does the mutual release remove the NEOC's jurisdiction to investigate?"
Pursuant to Neb. Rev. Stat. § 20-333(1)(a): "The commission shall, . . ., determine based on the facts whether reasonable cause exists to believe that a discriminatory housing practice has occurred or is about to occur unless it is impracticable to do so or unless the commission has approved a conciliation agreement with respect to the complaint." Under this statute, the commission must investigate the claim and make a determination whether reasonable cause exists unless one of two factors are present: (1) it is impracticable to investigate the claim; or, (2) the commission has approved a conciliation agreement with respect to the complaint.
From the facts presented we cannot conclude that either of these factors are present. Therefore, we conclude that the NEOC has jurisdiction to investigate the complaint. Inherent in the commission's investigatory jurisdiction is the ability to obtain any and all relevant information that may assist the commission in its determination of whether reasonable cause exists. Neb. Rev. Stat. § 20-334 (Reissue 1997). It appears to us that the mutual release is one piece of information the commission may review during investigation of the complaint.